

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00049-CR

CAVIN ANTHONY LUDWIG, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 23,177-C; Honorable Ana Estevez, Presiding

March 18, 2014

## CONCURRING OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Cavin Anthony Ludwig, appeals from his conviction for the offense of aggravated assault with a deadly weapon[1] and resulting sentence of ten years confinement. Through his second issue, Appellant contends the State violated the precepts of *Brady v. Maryland.*[2] In overruling this issue the majority concludes Appellant did not meet the requirements of proving a *Brady* violation because he failed to demonstrate the State failed to disclose exculpatory evidence. While I concur in the

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

[2] *See* 373 U.S. 83, 105 S.Ct. 3375, 87 L.Ed. 2d 481 (1963).

ultimate disposition reached, I write separately to distinguish the basis upon which I reach that conclusion.

From the undisputed facts we know Officer Redden interviewed Tiffani Green and she told him that she spoke to Appellant, apparently during the time-frame when he was assaulting Annmarie Caine. We also know Green told Redden that she heard laughter during that conversation. What we don't know for certain is whether Green told Redden that the laughter came from a male or a female, or whether Redden told Green not to mention the subject of laughter. The majority notes the trial court found Officer Redden's testimony to be credible and believable and then concluded there was no failure to disclose "exculpatory *Brady* material."

To establish a claim under *Brady*, the defendant must demonstrate: (1) the State failed to disclose evidence, regardless of the prosecution's good or bad faith; (2) the withheld evidence is favorable to the defendant; and (3) the evidence is material, that is, there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different. *Ex parte Miles*, 359 S.W.3d 647, 665 (Tex. Crim. App. 2012). Favorable evidence is that which, if disclosed and used effectively, may make the difference between conviction and acquittal. *Id.* As to materiality, "[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in a constitutional sense, *id.* at 666, i.e., create a probability sufficient to undermine the confidence in the outcome of the proceeding. *Thomas v. State*, 841 S.W.2d 399, 404 (Tex. Crim. App. 1992).

Here, it is undisputed the State failed to disclose the fact that Green told Redden she heard laughter during her conversation with Appellant. Regardless of whether the source of that laugher was undisputed, the withheld evidence could have been favorable to Appellant because he could have used it to impeach both Redden and Caine's testimony. Accordingly, I would conclude the State did fail to disclose exculpatory evidence.

That said, in order to find a *reversible Brady* violation one must still determine whether there is a reasonable probability that, had that evidence been disclosed, the outcome of the trial would have been different. *Miles*, 359 S.W.3d at 665. In that regard, the Appellant's inability to use the undisclosed evidence is of no significance whatsoever in disputing the physical evidence supporting the jury's conclusion that Appellant stabbed and strangled Caine. At best the evidence might have been used to argue Caine was not in fear of Appellant or she had somehow exaggerated the facts and circumstances leading up to or even following the assault or Redden was more interested in a conviction than the facts. To that extent, even if the evidence had been disclosed and used effectively, it would not have been material because there is no reasonable probability that the jury would have found the essential elements of the indictment differently. *Id.*

CONCLUSION

Accordingly, because I conclude that the exculpatory evidence the State failed to disclose was not material, I join the majority in affirming the conviction.

Patrick A. Pirtle
Justice

Publish.

3